We're here next on Appeal No. 20-1438, Victor Meraz-Saucedo v. Barr. We'll hear first for the appellant, Ms. Chun. Good morning, Your Honors. May it please the Court and Counsel. The main issue in this case deals with the intersection of the statutory definition of a notice to appear and the statutory provision of the stop time rule for purposes of eligibility for cancellation of removal. Petitioner argues that this issue was already decided by the Supreme Court in Pereira v. Sessions and that the board's holding in matter of Mendoza-Hernandez is contrary to that ruling. Petitioner also, in terms of the forfeiture argument, argues that he raised this on direct appeal and so therefore under Supreme Court precedent, any change in the law that occurred during dependency of a direct appeal should be applied. And lastly, that the forfeiture arguments and analysis in Ortiz-Santiago do not apply to his case because he is not raising a claim processing rule. I'm sorry, Ms. Chun. You blocked out for a moment. Can you just go back to your last sentence? Yes, Your Honor. In regards to any forfeiture, petitioner argues that the forfeiture analysis in Ortiz-Santiago does not apply because he is raising a substantive claim and not a claim processing rule of jurisdiction. Just to clear a little something up, do you think we can decide this case while Ms. Chavez is pending before the Supreme Court? I think that that's a good question. It may be wise to put this case in advance. The oral argument for Ms. Chavez is actually on Monday, so we may get a decision by the Supreme Court. Nonetheless, we're prepared to argue our claims today. But if there's forfeiture here, would you agree that Ms. Chavez would not impact this? That may be true, in which case our argument that a claim processing rule forfeiture is very different from forfeiture of a substantive claim regarding the stop time rule and eligibility for cancellation of removal. But in Ortiz-Santiago, the forfeiture was not linked to the jurisdiction. The forfeiture was linked to the claims processing rule, to the notice to appear. I'm not sure I understand your argument that claims processing doesn't apply here because you're not talking about jurisdiction. We didn't find claims processing because of the jurisdictional issue. We found claims processing because the notice to appear was a claims processing rule. There's two different issues. The issue in Ortiz-Santiago was whether the immigration court had jurisdiction. Just to point out, Ortiz-Santiago had already applied for cancellation of removal, so the stop time issue was not at issue in his case. He argued that because the notice to appear did not include the time and the place, the immigration court did not have jurisdiction over his case. And the court found that he should have raised that in front of the immigration judge and that he wasn't prejudiced because all DHS had to do was just reissue the notice to appear with the correct time and date included. Petitioner in this case is talking about his eligibility for cancellation of removal and the stop time rule. So the stop time rule is relevant to a notice to appear because the stop time rule statute states that the time a person accrues for eligibility for that relief stops upon the issuance of a notice to appear. So that is a claim that involves what he could bring up substantively before the immigration judge. It might be a different claim, but it's still triggered by the notice to appear, which is what we found in Ortiz-Santiago and again in Chen v. Barr is a claims processing rule that can be forfeited if you don't raise it at the time before the immigration judge when you appear before that judge based on the notice to appear. Yes, Your Honor, but the stop time rule was not at issue in Ortiz-Santiago. So you're saying there would be for the notice to appear we would analyze it differently under the stop time rule as opposed to the jurisdictional question? Yes, Your Honor. It's another statute that wasn't at issue in Ortiz-Santiago. It's a different statute, but the triggering event is still the notice to appear. Yes, and how those two statutes interact with each other was directly decided by the Supreme Court in Pereira v. Sessions. Jurisdiction was not an issue in Pereira v. Sessions. Jurisdiction was the central issue in Ortiz-Santiago. Neither was forfeiture or claims processing because the petitioner had timely raised the challenge. And I think the prejudice analysis is very different. So if under jurisdiction if the notice to appear did not include the time and the place, the DHS could easily cure that by including that information and the ultimate outcome of the proceedings would not be any different. Under the stop time rule, the prejudice deals with the immigrant not being able to bring a substantive claim in defense of his removal. So the prejudice and forfeiture arguments are very different when you're talking about a procedural issue of jurisdiction that can easily be cured by including information in a charging document versus whether or not a person can bring relief against their deportation before the judge. And this issue has been addressed by the Third Circuit and the Tenth Circuit and we do believe that their analysis is correct and that the prejudice analysis, particularly in the Third Circuit, in Guadalupe v. U.S. Attorney General, points to how that is different from the forfeiture analysis in Ortiz-Santiago. I am really sorry to be going into your rebuttal time, but given that Pereira was issued in June 2018, 17 days after the immigration judge ruled in this case, is there any explanation as to why a motion to remand for the purpose of applying for cancellation of removal wasn't filed until January of 2020? Well, Your Honor, it was raised, his case was not yet final, so his case was still on direct appeal at the board and Supreme Court precedent has stated that when there is a change in the law, courts are obligated to apply that change while the case is on direct appeal. So that's a very significant distinction in the petitioner's case here as opposed to Chen in Chen v. Barr, where Chen had already gone through all the way up to a petition for review and then filed an untimely motion to reopen. And whereas petitioner's case was still pending before the board on direct appeal, where his removal order is not yet final. So the timing of petitioner's case is very distinct from the case in Chen v. Barr. And it's distinct from Ortiz-Santiago because he's not raising, he's not challenging the jurisdiction. That's not a challenge at this point in the motion to remand. It's simply that he is eligible for relief. He was not permitted to, he was not otherwise able to raise in front of the immigration judge. Ortiz-Santiago actually applied for cancellation of removal. And so there wasn't that same prejudice in addition to there being different issues that they were challenging. And I am out of time and I would. Thank you, Ms. Chen. We'll now move on behalf of the appellee to Ms. Kelly. Good morning. May it please the court, Genevieve Kelly on behalf of the United States. You know, the board in this case did not expressly consider whether Meraz could show prejudice and excusable delay for the failure to raise the stop time issue earlier. Should we remand for such a determination? No, Your Honor. The board's language was that it denied the motion to remand for, quote, failure to apply for or raise any issue regarding eligibility for cancellation of removal. And petitioners briefing is adamant that the forfeiture is an issue regarding for eligibility, eligibility for cancellation of removal. And the board, although it did not expressly cite Chen at the time, it could not. It did anticipate a ruling such as Chen to follow from Ortiz-Santiago and consistent with Ortiz-Santiago and consistent with Chen ultimately found that the petitioner failed to raise the issue timely. So there's no need for remand. And also, Your Honor, this is a, this is a, it's a fact not in dispute that petitioner failed to raise this. It's in the record that petitioner conceded removability and did not object to any defect in the notice to appear and indeed admitted that the continuous presence had not been accumulated prior to the start of removal proceedings. And so there's no, there's nothing factual for the agency to look at either. It's just so there's no need for remand there. Well, this case is, you know, it's unlike other challenges that we've considered because the petitioner would have met the 10 year presence requirement at the time of the first appearance before the immigration judge. But for the stop time rule, which means that, you know, even if timely raised, DHS could not correct the error at that time. I mean, in past cases, we relied on the ability to correct to find lack of prejudice. So should we find prejudice here? No, Your Honor. And this goes to what really is the fundamental problem with petitioner's argument here, which is that petitioner is conceiving of section 1229B, the stop time rule as the claims processing rule. That is not what this court has identified as the claims processing rule. The claims processing rule is the notice requirements in 1229A and corresponding regulations. Under Ortiz and Chen, therefore, prejudice that must be shown is not the inability to show, the prejudice isn't that you didn't have the opportunity to apply Carrera, as petitioner argues. The prejudice must be to the fact that you haven't had the chance because of the defect in the notice, you haven't had the chance to defend yourself in the removal proceedings to appear for the hearing or to otherwise properly prepare because of the defects in notice. That's the prejudice at issue here. And that's what we said in Ortiz-Santiago, correct? Yes. Yes, Your Honor. That the focus is on the prejudice from the lack of notice of the time and place in the NTA. Exactly. And that's because one purpose of the stop time rule is to have this continuous presence calculated prior to the start of proceedings. So then when the charged individual appears, that individual under counsel can determine what he or she seeks in terms of relief from removal, such as cancellation of removal. And those things are at the outset. And so that's why this court's understanding of 1229A as claims processing really goes to the purpose of the stop time rule. And here we have admittedly close. Petitioner was close to accumulating the continuous presence and yet was about a month shy and did appear before the immigration judge. Presented no problems with the notice at that time. Had been served the notice to appear and received it, received the notice of hearing. Showed up at the time and date required. Had counsel. And then admitted no eligibility for cancellation. And so although perhaps the individual might have tried to make an argument at that point, had career been decided earlier, maybe petitioner would have tried to find some prejudice at the time with starting a removal proceeding. Or saying because the notice of hearing got a few days late, I wasn't able to find an attorney. Perhaps those arguments would have been made had career been decided sooner. But the arguments weren't made. Because there's nothing in the record showing any prejudice to the petitioner's ability to appear for the proceedings and adequately defend against the charges. This case really is not distinguishable from CHEM in any meaningful way. For that reason. With regard to your Honor's question about the Supreme Court deciding Nies Chavez. The issue in Nies Chavez is really distinct because this court is examining the issue at step zero, so to speak. The Supreme Court is really looking specifically at whether Congress intended notice to be in a single document. And that narrow issue of statutory interpretation is not addressed by this court in CHEM and need not be addressed here. Because the facts of this case really can be completely resolved under CHEM. Also, the briefing before the Supreme Court did not include reference to Ortiz or CHEM. And so there's no real indication now in Nies Chavez that the court would bring up this claims processing issue there. And so the government doesn't believe that there's necessarily a reason to hold it just because of the Supreme Court. With regard to the petitioner's asylum and withholding of removal and protection under the Convention against Torture Claims. Substantial evidence in the record supports the agency's determinations. And unless there are any further questions from the panel, the government will rest with that. Thank you, Ms. Kelly. Ms. Chun, let's give you one minute in rebuttal to finish up.  In regards to the prejudice, the issue in Nies Chavez, statutory interpretation was exactly what the Supreme Court was dealing with in Pereira v. Sessions. How do you interpret the stop time rule and the definition of the notice to appear properly? There is no reason to get to prejudice if this interpretation of a statute is improper. And just in terms of prejudice of misinterpreting the statute, Congress intended that all the notice requirements be contained in one document. And we've seen the consequences of when the notice requirements are not put in one document. Is that the non-citizen cannot get the subsequent notice of hearing for different reasons, human error and mail. And Congress decided that it should all be in one document. And so it is prejudice to undermine the will of Congress. And I'm at the time of my rebuttal. Thank you, Your Honors. Thank you, Ms. Chun. Thank you, Ms. Kelly. The case will be taken under advisement and our court will be in recess.